IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| TACTICAL INTERMEDIATE HOLDINGS, INC., *et al,.*[1] | ) Case No. 14-11659 (KG) |
| Debtors. | ) Jointly Administered |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT; (II) ESTABLISHMENT OF RECORD DATES; (III) HEARING ON CONFIRMATION OF THE PLAN AND PROCEDURES FOR OBJECTING TO CONFIRMATION OF THE PLAN; AND (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN**

PLEASE TAKE NOTICE that:

1. ***Approval of Disclosure Statement***. By order dated September 26, 2014 [Docket No. 309] (the "**Order**"), the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") approved the *Disclosure Statement With Respect to the First Amended Chapter 11 Plan of Liquidation of Tactical Intermediate Holdings, Inc. and its Debtor Affiliates,* dated September 26, 2014 (as it may be amended or modified, the "**Disclosure Statement**") filed by the debtors and debtors in possession in the above-referenced chapter 11 cases (collectively, the "**Debtors**"), and directed the Debtors to solicit votes with regard to the approval or rejection of *the First Amended Chapter 11 Plan of Liquidation of Tactical Intermediate Holdings, Inc. and its Debtor Affiliates*, dated September 26, 2014 (as it may be amended or modified, the "**Plan**"). Any capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2. ***Confirmation Hearing***. A hearing to consider the confirmation of the Plan (the "**Confirmation Hearing**") will be held on **November 13, 2014 at 11:00 a.m. (prevailing Eastern Time)** before the Honorable Kevin Gross, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom 3, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Tactical Intermediate Holdings, Inc. (4895); Tactical Holdings Operations, Inc. (8504); Wellco Enterprises, Inc. (9274); Ro-Search Incorporated (6293); Mo-Ka Shoe Corporation (2446); Altama Delta Corporation (6369); Altama Delta (Puerto Rico) Corporation (3459); Massif Holdings LLC (1692); and Massif Mountain Gear Company L.L.C. (9717). The address of the Debtors' corporate headquarters is 5968 Commerce Blvd., Morristown, TN 37814.

3. ***Record Date for Voting Purposes***. **September 19, 2014** is the voting record date (the "***Voting Record Date***") for purposes of determining which creditors are entitled to vote on the Plan. Therefore, only those creditors in a class entitled to vote on the Plan and holding claims against one or more of the Debtors as of the Voting Record Date are entitled to vote on the Plan.

4. ***Voting Deadline***. All votes to accept or reject the Plan must be actually received by the Debtors' voting agent, Prime Clerk, LLC, by no later than **4:00 p.m. (prevailing Eastern Time) on November 6, 2014** (the "***Voting Deadline***"). Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

5. ***Parties in Interest Not Entitled to Vote***. The following claimants and equity interest holders are not entitled to vote on the Plan: (i) holders of unimpaired claims; (ii) holders of claims or interests who will receive no distribution at all under the Plan; (iii) holder of claims that are disallowed for voting purposes in accordance with the Order; and (iv) holders of claims that are the subject of filed objections or requests for estimation as of **October 3, 2014**. If you have timely filed a proof of claim and disagree with the Debtors' classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve on the Debtors and the official committee of unsecured creditors appointed in these cases (the "***Committee***") at the addresses set forth below and file with the Bankruptcy Court (with a copy to Chambers) a motion (a "***Rule 3018(a) Motion***") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the fourteenth (14th) day after the service of notice of an objection or request for estimation, if any, as to such claim. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Bankruptcy Court. Creditors may contact Prime Clerk, LLC at 830 3rd Avenue, 9th Floor, New York, NY 10022; telephone (844) 224-1136 and email tacticalballots@primeclerk.com. In addition, copies of the Disclosure Statement and Plan are available upon request by contacting Prime Clerk, LLC, telephone (844) 224-1136 and email tacticalballots@primeclerk.com to receive an appropriate ballot for any claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted. Rule 3018(a) Motions that are not timely filed and served in the manner set forth above shall not be considered.

6. ***Objections to Confirmation***. Objections, if any, to confirmation of the Plan must:

(a) be in writing;

(b) state the name and address of the objecting party and the nature of the claim or interest of such party;

(c) state with particularity the basis and nature of any objection;

(d) be filed, together with proof of service, with the Bankruptcy Court; and

(e) be served upon (i) Klehr Harrison Harvey Branzburg LLP, counsel to the Debtors, 1835 Market Street, Suite 1400, Philadelphia, Pennsylvania 19103, Attn.: Morton R. Branzburg (mbranzburg@klehr.com) and 919 N. Market Street,

Suite 1000, Wilmington, Delaware 19801, Attn: Domenic E. Pacitti (dpacitti@klehr.com); (ii) Winston & Strawn LLP, counsel to the Prepetition Senior Secured Lender and DIP Lender, 100 North Tryon Street, Charlotte, North Carolina 28202, Attn.: J. Michael Booe (mbooe@winston.com), Felton E. Parrish (fparrish@winston.com), and Nathan P. Lebioda (nlebioda@winston.com) and Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Avenue, Suite 1501, Wilmington, Delaware 19801, Attn: Frank Monaco, Jr. (fmonaco@wcsr.com); (iii) Kirkland & Ellis LLP, counsel to the Secured Noteholder, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua Sussberg and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Pauline K. Morgan; (iv) Otterbourg P.C., counsel to the Creditors' Committee, 230 Park Avenue, New York, New York 10169, Attn: Scott L. Hazan and David M. Posner and Venable LLP, 1201 North Market Street, Suite 1400, Wilmington, Delaware 19801, Attn: Jamie L. Edmonson; and (v) counsel to the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David Buchbinder, Esq. (David.L.Buchbinder@usdoj.gov); so as to be filed with the Bankruptcy Court in accordance with paragraph 6(d) above and served and actually received by the parties listed in this paragraph 6(e) **by no later than 4:00 p.m. (prevailing Eastern Time) on November 6, 2014.**

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.** The Debtors may serve replies to such responses or objections by no later than **November 11, 2014**.

7. *Parties Who Will Not Be Treated as Creditors*. Any holder of a claim that (i) is scheduled in the Debtors' schedules of assets and liabilities, statements of financial affairs and schedules of executory contracts and unexpired leases at zero, or in an unknown amount, or as disputed, contingent, or unliquidated, and is not the subject of a timely-filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any order of the Bankruptcy Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely-filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any order of the Bankruptcy Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such claim for purposes of (a) receiving notices regarding, or distributions under, the Plan, and (b) voting on the Plan.

8. *Additional Information*. Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan should telephone the Debtors' voting agent Prime Clerk LLC or may view such documents by accessing either http://cases.primeclerk.com/tactical, or the Bankruptcy Court's website: www.deb.uscourts.gov. Please note that a PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Bankruptcy Court's website (www.deb.uscourts.gov).

9. *Release by Holders of Claims and Interest; Exculpation; Liabilities to, and Rights of, Governmental Units; and Injunction.* The Plan provides for the following provisions in Article IX:

**9.4** *Release by Holders.* <u>SUBJECT TO THE RIGHT OF EACH HOLDER OF A CLAIM AGAINST THE DEBTOR TO AFFIRMATIVELY 'OPT OUT" OF THE RELEASE SET FORTH BELOW BY NOTING SUCH "OPT OUT" ELECTION ON THE BALLOT TO VOTE ON THE PLAN</u>, ON THE EFFECTIVE DATE OF THE PLAN, EACH HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTORS SHALL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY AND INDIVIDUALLY AND COLLECTIVELY, RELEASED, ACQUITTED AND DISCHARGED THE RELEASED PARTIES (INCLUDING THE RELEASED PARTIES' PREDECESSORS, SUCCESSORS AND ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, CURRENT AND FORMER OFFICERS (SPECIFICALLY EXCLUDING VINCENT FERGUSON, MATTHEW FERGUSON, KERRY FERGUSON AND NEIL STREETER), DIRECTORS, PRINCIPALS, SHAREHOLDERS, DIRECT AND INDIRECT EQUITY HOLDERS, MEMBERS, PARTNERS (GENERAL AND LIMITED), EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, MANAGEMENT COMPANIES, FUND ADVISORS AND OTHER PROFESSIONALS) AND THE RELEASED PARTIES FROM ANY AND ALL ACTIONS, CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED ON BEHALF OF THE DEBTORS OR NON-DEBTOR PARENT, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT OR OTHERWISE, THAT SUCH HOLDER (WHETHER INDIVIDUALLY OR COLLECTIVELY) EVER HAD, NOW HAS OR HEREAFTER CAN, SHALL OR MAY HAVE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE DEBTORS' LIQUIDATION, THE CHAPTER 11 CASES, THE PURCHASE, SALE OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS BEFORE OR DURING THE CHAPTER 11 CASES, INCLUDING THE NEGOTIATION, FORMULATION, PREPARATION OR PERFORMANCE OF THE DIP LOAN FACILITY, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, OR RELATED AGREEMENTS, INSTRUMENTS OR OTHER DOCUMENTS OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT OR OTHER OCCURRENCE RELATING TO THE DEBTORS TAKING PLACE ON OR BEFORE THE CONFIRMATION DATE OF THE PLAN, EXCEPT FOR ANY CLAIMS AND CAUSES OF ACTION FOR ACTUAL FRAUD.

**9.5** *Liabilities to, and Rights of, Governmental Units.* Nothing in the Plan or Confirmation Order shall discharge, release, or preclude: (1) any liability to a Governmental Unit that is not a Claim; (2) any Claim of a Governmental Unit arising on or after the Confirmation Date; (3) any liability to a Governmental Unit on the part of any Person or Entity other than the Debtors or Plan Administrator; (4) any valid right of setoff or recoupment by a Governmental Unit; or (5) any criminal liability. Nothing in the Plan or Confirmation Order shall enjoin or otherwise bar any Governmental Unit from asserting or enforcing, outside the Bankruptcy Court, any liability described in the preceding sentence. The discharge and injunction provisions contained in the Plan and Confirmation Order are not intended and shall not be construed to bar any Governmental Unit from, after the Confirmation Date, pursuing any police or regulatory action.

**9.6** *Exculpation.* EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN, NO EXCULPATED PARTY SHALL HAVE OR INCUR, AND EACH EXCULPATED PARTY IS HEREBY RELEASED AND EXCULPATED FROM ANY EXCULPATED CLAIM, OBLIGATION, CAUSE OF ACTION OR LIABILITY FOR ANY EXCULPATED CLAIM, EXCEPT FOR GROSS NEGLIGENCE OR WILLFUL MISCONDUCT, BUT IN ALL RESPECTS SUCH ENTITIES SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES PURSUANT TO THE PLAN. THE DEBTORS AND THE PLAN ADMINISTRATOR (AND EACH OF THEIR RESPECTIVE AFFILIATES, AGENTS, DIRECTORS, OFFICERS, EMPLOYEES, ADVISORS AND ATTORNEYS) HAVE PARTICIPATED IN COMPLIANCE WITH THE APPLICABLE PROVISIONS OF THE BANKRUPTCY CODE WITH REGARD TO THE SOLICITATION AND DISTRIBUTION OF THE SECURITIES PURSUANT TO THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN.

**9.7** *Injunction.* FROM AND AFTER THE EFFECTIVE DATE, EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR RELATED DOCUMENTS, ALL ENTITIES ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY CAUSE OF ACTION RELEASED OR TO BE RELEASED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER.

| | |
|---|---|
| Dated:  September 29, 2014<br>Wilmington, Delaware | */s/ Domenic E. Pacitti* |
| | Domenic E. Pacitti, Esquire (DE Bar No. 3989)<br>Michael W. Yurkewicz, Esquire (DE Bar No. 4165)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>919 N. Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>Telephone:     (302) 426-1189 |
| | - and – |
| | Morton R. Branzburg, Esquire *(*admitted *pro hac vice*)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>1835 Market Street, Suite 1400<br>Philadelphia, Pennsylvania 19103<br>Telephone:     (215) 569-2700 |
| | *Counsel to the Debtors and Debtors in Possession* |